RECEIVED
USDC CLERK, CHARLESTON, SC

2006 MAY -2  P 4: 03

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David McClure, #5058, ) | C. A. No. 2:06-1076-HMH-RSC |
| Petitioner, ) | |
| -versus- ) | **O R D E R** |
| Gary D. Maynard, Commissioner, ) South Carolina Department of ) Corrections; John Ozmint; and ) the State of South Carolina, ) | |
| Respondents. ) | |

The petitioner herein seeks reconsideration of the court's decision to appoint one attorney, rather than two attorneys as requested, to represent the petitioner in this habeas petition challenging a murder conviction, but not a death sentence.

The petitioner argues that two attorneys should be appointed, but the basis for that argument is unclear. The petitioner has variously cited 18 U.S.C. § 3599, the "Anti-Drug Abuse Act of 1988," the "Reauthorization Act," McFarland v. Scott, 512 U.S. 1256, 114 S.Ct. 2785 (1994) and U.S. v. Boone, 245 F.3d 352 (4th Cir. 2001). The petitioner also notes reference by the Respondent to 21 U.S.C. § 848(q)(4)(B).

In the motion to reconsider, the petitioner relies primarily on U.S. v. Boone, 245 F.3d 352 (4th Cir. 2001), in which the court concluded that it was reversible error to fail to appoint two attorneys in the trial of a defendant charged in a crime in which the death penalty could be sought, even if the death penalty was not actually being sought. The court relied on the

plain reading of 18 U.S.C. § 3005 stating, "Until, however, Congress rewrites § 3005 mandating that it apply only in cases where the death penalty is actually sought by the government, we will not ignore the plain language of the section with its statutory trigger that § 3005 applies upon indictment for a capital crime. As we observed in Watson in 1973, ' Section 3005 is unequivocal in its terms. We have no right to rewrite it····' Watson, 496 F.2d at 1130." 245 F.3d 352, 361.

The petitioner's argument is deficient in two obvious regards. First U.S. v. Boone, 245 F.3d 352 (4th Cir. 2001), concerns a statute requiring the appointment of two attorneys at trial and does not apply to habeas corpus relief as sought here. Second, and more obvious, 21 U.S.C. § 848(q)(4)(B) which previously required the appointment of counsel with regard to a habeas petition seeking to set aside a death sentence has been repealed, and the new statute, 18 U.S.C. § 3599 requires the appointment of only one counsel except upon good cause, and then only where the petition is seeking to vacate or set aside a death sentence.

On March 9, 2006, PL 109-177 (HR 3199), THE USA PATRIOT IMPROVEMENT AND REAUTHORIZATION ACT OF 2005 was enacted repealing 21 U.S.C. § 848(q)(4)(B) and creating § 3599 of Title 18 of the United States Code, PL 109-177 SEC. 222. COUNSEL FOR FINANCIALLY UNABLE DEFENDANTS. Subsection (a)(2) through (g) of new section 3599 provides:

(2) In any post conviction proceeding under section 2254 or 2255 of Title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

(b) If the appointment is made before judgment, at least one attorney so appointed must have been admitted to practice in the court in which the prosecution is to be tried for not less than five years, and must have had not less than three years experience in the actual trial of felony prosecutions in that court.

(c) If the appointment is made after judgment, at least one attorney so appointed must have been admitted to practice in the court of appeals for not less than five years, and must have had not less than three years experience in the handling of appeals in that court in felony cases.

(d) With respect to subsections (b) and (c), the court, for good cause, may appoint another attorney whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation.

(e) Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

(f) Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the

>sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g). No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality. Any such proceeding, communication, or request shall be transcribed and made a part of the record available for appellate review.
>(g)(1) Compensation shall be paid to attorneys appointed under this subsection at a rate of not more than $125 per hour for in-court and out-of-court time. The Judicial Conference is authorized to raise the maximum for hourly payment specified in the paragraph up to the aggregate of the overall average percentages of the adjustments in the rates of pay for the General Schedule made pursuant to section 5305 of title 5 on or after such date. After the rates are raised under the preceding sentence, such hourly range may be raised at intervals of not less than one year, up to the aggregate of the overall average percentages of such adjustments made since the last raise under this paragraph.
>(2) Fees and expenses paid for investigative, expert, and other reasonably necessary services authorized under subsection (f) shall not exceed $7,500 in any case, unless payment in excess of that limit is certified by the court, or by the United States magistrate judge, if the services were rendered in connection with the case disposed of entirely before such magistrate judge, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit. The chief judge of the circuit may delegate such approval authority to an active circuit judge.

Here the petitioner is not "seeking to vacate or set aside a death sentence," and the Fourth Circuit Court of Appeals in U.S. v. Boone, 245 F.3d 352 (4th Cir. 2001) clearly indicated an obligation to follow the plain language of the statute in an arguably similar situation. Section 3599 is unequivocal in its

terms. This court has no right to rewrite it.

Additionally, even if the petitioner were challenging a death sentence, appointment of only one attorney would be required by law, and no good cause has been presented here for appointing a second attorney.

Accordingly, the petitioner's motion to reconsider is denied.

**IT IS SO ORDERED.**

ROBERT S. CARR
UNITED STATES MAGISTRATE JUDGE

Charleston, South Carolina

May 2, 2006