IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| David McClure, Jr., | ) | |
| | ) | C.A. No. 2:06-1076-HMH-RSC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jonathan Ozmint, Commissioner, | ) | |
| S.C. Dept. of Corrections and the | ) | |
| State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court for review of the Report and Recommendation of

United States Magistrate Judge Robert S. Carr made in accordance with 28 U.S.C.

§ 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.[1] David McClure

("McClure") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Magistrate Judge

Carr recommends granting the Respondents' motion for summary judgment. McClure

objects to the Magistrate Judge's Report and Recommendation. For the reasons stated

below, the court grants the Respondents' motion for summary judgment and dismisses

McClure's § 2254 petition.

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1) (2006).

## I. FACTUAL AND PROCEDURAL BACKGROUND

McClure is currently confined at Lieber Correctional Institution of the South Carolina Department of Corrections. On April 28, 1997, McClure was indicted for two counts of murder and two counts of possession of a knife during commission of a violent crime in the Barnwell County Court of General Sessions. (PCR App. 2341-45.) The charges in the indictments arose from the January 7-8, 1996, murders of McClure's father, David M. McClure, Sr. (Indictment # 97-GS-06-117), and his father's friend, Donna A. Fitzgerald (Indictment # 97-GS-06-116). (Id.)

On May 2, 1996, the Solicitor of the Second Judicial Circuit, Barbara R. Morgan ("Morgan"), served notice of intent to seek the death penalty. (Id. 2364.) The court appointed E. Walter Bedingfield ("Bedingfield") and E. Timothy Moore, Jr. ("Moore") to represent McClure. The matter was assigned to Circuit Court Judge Edward B. Cottingham. (Id. 2350.)

Following pretrial motions hearings on December 5, 1997, February 25, March 12, and March 31, 1998, the matter was called for jury trial on April 20, 1998. McClure was present and represented by his counsel, Moore and Bedingfield. The prosecution was represented by Morgan and DeGrant Gibbons ("Gibbons").

After the guilt phase, the jury convicted McClure on April 24, 1998, of two counts of murder and two counts of possession of a knife during a violent crime. (Id. 1329.) The penalty phase began on April 27, 1998. (PCR App. 1337.) At the conclusion of the penalty phase, the court instructed the jury to determine whether the following statutory aggravating circumstances existed:

1.    physical torture;

2.    larceny with the use of a deadly weapon; and

3.    two or more persons were murdered by the defendant by one act or pursuant to one scheme or course of conduct.

(Id. 2060-62.)  In addition, the jury was charged to consider the following statutory mitigating circumstances:

1.    the murder was committed while the defendant was under the influence of mental or emotional disturbance;

2.    the defendant's ability to conform his conduct to the requirements of law was substantially impaired;

3.    the age or mentality of the defendant at the time of the crime; and

4.    "any other mitigating circumstances which [were] supported by the evidence in the case."

(Id. 2067-68.)

The jury found beyond a reasonable doubt the existence of all three statutory aggravating circumstances as to each indictment.  (Id. 2084-85.)  In addition, the jury recommended a sentence of death with respect to each indictment.  (Id. 2085-86.)  Judge Cottingham found that the evidence of the case warranted the imposition of the death penalty with respect to both indictments and was not the result of prejudice, passion, or any other arbitrary factor.  (PCR App. 2092-93.)  Accordingly, Judge Cottingham sentenced McClure to death.  (Id. 2093-94.)  Judge Cottingham denied all of the defendant's post-trial motions. (Id. 2096-98.)

McClure filed a direct appeal with the South Carolina Supreme Court.  In his appeal, McClure raised the following as his sole ground for relief:

3

>The trial judge erred during sentencing by permitting the solicitor to seat
>herself in the witness box and argue in closing that Appellant had not
>apologized for his actions but in fact had shown "no remorse whatsoever."

(Id. 2365.)

On September 11, 2000, the South Carolina Supreme Court vacated McClure's

sentence and remanded his case for resentencing.  State v. McClure, 537 S.E.2d 273, 276

(S.C. 2000).  McClure's resentencing is currently pending in the Barnwell County General

Sessions Court before Circuit Court Judge James R. Barber.  William N. Nettles ("Nettles")

and Moore are representing McClure at his resentencing.

On July 27, 2001, McClure filed an application for post-conviction relief (PCR) in

the Barnwell County Court of Common Pleas.  Nettles filed the application but subsequently

withdrew from representation of McClure in the action for PCR.  Jeffrey Bloom ("Bloom")

and Robert Harte ("Harte") were appointed to represent McClure.  McClure filed an

amended PCR application on August 12, 2002, asserting the following grounds for relief:

>9(a). Applicant was denied due process in violation of the Fifth, Sixth,
>Eighth, and Fourteenth Amendments of the U.S. Constitution, and
>state law, at the guilt-innocence phase of the trial in that the Solicitor
>intentionally engaged in improper closing argument; and further,
>Applicant was denied the right to effective assistance of counsel in
>violation of the Sixth, Eighth, and Fourteenth Amendments of the U.S.
>Constitution, and state law, in that trial counsel failed to object to the
>Solicitor's closing argument at the guilt-innocence phase.

>9(b). Applicant was denied due process, and also was denied the right to
>effective assistance of counsel, in violation of the Fifth, Sixth, Eighth,
>and Fourteenth Amendments of the U.S. Constitution, and state law, at
>the trial phase in that the Applicant was improperly medicated during
>the trial, such that his ability to assist in his own defense and to
>understand the proceedings was unconstitutionally impaired.

9(c).    Applicant was denied the due process of law, and the right to an impartial trier of fact, as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and state law, due to jury misconduct in that a juror failed to reveal during voir dire that he had a family member who had been the victim of a homicide; and further, Applicant was denied the right to effective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and state law, in that trial counsel failed to adequately voir dire the juror as to whether the juror had a family member who had been the victim of a violent crime.

9(d).    Applicant was denied the right to effective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and state law, in that trial counsel failed to adequately present evidence of manslaughter, or of "battered child" syndrome, or other similarly available defenses.

9(e).    Applicant was denied due process and his Fifth Amendment liberties in violation of the First, Fifth, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and state law, at the trial phase in that the Solicitor elicited improper testimony that the Applicant had "pornography" and "Playboy" magazines in his room; and further, Applicant was denied the right to effective assistance of counsel and his First Amendment liberties in violation of the First, Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and state law, in that trial counsel failed to object to such testimony.

9(f).    Applicant was denied the right to effective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and state law, in that trial counsel failed to object to the hearsay testimony of witness Vincent Padgett, which also constituted a violation of the defendant's right to confront and cross-examine witnesses.

9(g).    Applicant was denied the right to effective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and state law, in that trial counsel failed to object to "pain and suffering" testimony at the trial phase.

9(h).    Applicant was denied the right to effective assistance of counsel in violation of the Sixth, Eighth, and Fourteenth Amendments of the U.S. Constitution, and state law, in that trial counsel failed to object to the

trial court's sua sponte decision that both of the defendant's counsel
could not have the final closing argument at the trial phase.

9(i).     Applicant was denied the right to effective assistance of counsel in
violation of the Sixth, Eighth, and Fourteenth Amendments of the U.S.
Constitution, and state law, in that counsel failed to object or request a
clarifying jury instruction after the trial court's misstatement of the law
during instructions to the jury on the element of "malice."

(PCR App. 2377-83.)

On August 13, 2002, McClure moved for summary judgment. (<u>Id.</u> 2390.) The

Respondents responded to the motion on August 28, 2002. (<u>Id.</u> 2398.) At a hearing held

August 28, 2002, the court orally denied McClure's motion for summary judgment and

denied the motion by written order on September 9, 2002. (<u>Id.</u> 2485.)

On October 16, 2002, the court commenced a hearing on the merits of McClure's

PCR action. (<u>Id.</u> 2486.) McClure was present and represented by Bloom and Harte. (PCR

App. 2488-89.) At the beginning of the hearing, McClure, through Bloom, withdrew ground

9(b) which raised the issue of McClure's medication at the time of trial and ground 9(i)

which challenged the malice instruction. The court reconvened the PCR hearing on February

6, 2003. (<u>Id.</u> 2681.) On June 13, 2003, the court denied and dismissed McClure's PCR

action with prejudice. (<u>Id.</u> 2813.)

McClure filed a timely notice of appeal. Joseph L. Savitz ("Savitz") of the South

Carolina Office of Appellate Defense was appointed to represent McClure on appeal. On

December 13, 2004, McClure filed a petition for writ of certiorari from the denial of his

PCR action on the following grounds:

1.     Petitioner did not receive effective assistance of counsel during the
guilt phase of his trial because defense counsel failed to object to the

Solicitor's closing argument that he had shown no remorse for his crimes.

2.     Petitioner did not receive effective assistance of counsel during the guilt phase of his trial because defense counsel failed to insist upon having only last argument, as expressly provided by S.C. Code Section 16-3-28.

(Pet. Writ Cert. 2.)  The Respondents filed a return dated February 23, 2005.  On March 6, 2006, the South Carolina Supreme Court entered a letter order denying McClure's petition for writ of certiorari.  The remittitur was sent down on March 24, 2006.  McClure filed the instant petition for a writ of habeas corpus pursuant to § 2254 on August 31, 2006.

McClure's § 2254 petition asserts the following grounds for relief:

1.     Petitioner was denied due process in violation of the Fifth, Sixth, and Eighth Amendments, and alternatively the Sixth Amendment right to effective assistance of counsel, by the State's intentional misconduct at closing argument, and that trial counsel failed to object to such argument of misconduct ("Claim 1").

2.     Petitioner was denied his Sixth Amendment right to effective assistance of counsel in that trial counsel failed to object to the trial court's sua sponte decision that both of the Petitioner's trial counsel could not have the final closing argument ("Claim 2").

3.     Petitioner was denied the due process of law and right to an impartial trier of fact, under the Fifth, Sixth, and Eighth Amendments, and alternatively was denied the right to effective assistance of counsel, due to the juror's failure to reveal disqualifying or biased information ("Claim 3").

4.     Petitioner's Sixth Amendment right to effective assistance of counsel was violated by his trial attorneys' failure to adequately present evidence of manslaughter or "Battered Child" Syndrome evidence as a defense.  ("Claim 4").

5.     Petitioner was denied due process and his rights under the First, Fifth, Sixth, and Eighth Amendments were violated where the State improperly presented alleged pornography evidence which had no

relation to the alleged crime, and alternatively petitioner was denied his Sixth Amendment right to effective assistance of counsel by trial counsel's failure to object ("Claim 5").

6.    Petitioner was denied effective assistance of counsel in violation of the Sixth and Eighth Amendments in that trial counsel failed to object to hearsay evidence as a violation of Petitioner's right to confront and cross-examine witnesses ("Claim 6").

7.    Petitioner was denied the right to effective assistance of counsel under the Sixth Amendment because trial counsel failed to object to inadmissible "pain and suffering" and victim-impact evidence and testimony ("Claim 7").

(McClure's § 2254 Pet., generally.)

The Respondents filed a motion for summary judgment on October 20, 2006, asserting, among other things, that five of the seven grounds raised by McClure were not presented to the South Carolina Supreme Court in McClure's appeal from denial of his PCR claim. Thus, the Respondents contend that those grounds are procedurally defaulted. McClure filed a response to the Respondents' motion on November 7, 2006, and a motion to stay the instant proceedings pending the completion of a second PCR claim filed by McClure on October 19, 2006, in the Bamberg County Court of Common Pleas. In his second PCR claim, McClure seeks to appeal the issues originally abandoned in his first appeal of the denial of his PCR action. On November 20, 2006, the Respondents filed an opposition to McClure's motion to stay and a reply in support of their motion for summary judgment.

## II. THE REPORT AND RECOMMENDATION

Magistrate Judge Carr denied McClure's motion to stay on the grounds that McClure has fully exhausted his state remedies. (Report and Recommendation 34.) In addition, the Magistrate Judge found that McClure is barred from asserting Claims 3 through 7 due to his

failure to present these issues to the South Carolina Supreme Court.  (Id. 17.)  Finally, the

Magistrate Judge recommends granting the Respondents' motion for summary judgment

because McClure's two remaining claims are without merit.  (Id. 31.)

### III. Discussion of the Law

### A.  Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to a judgment as

a matter of law."  Fed. R. Civ. P. 56(c).  Rule 56(c) mandates entry of summary judgment

"against a party who fails to make a showing sufficient to establish the existence of an

element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving

party is to be believed and all justifiable inferences must be drawn in his favor.  See

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes

over facts that might affect the outcome of the suit under the governing law will properly

preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary

will not be counted."  Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as

provided in this rule, an adverse party may not rest upon the mere allegations or denials of

the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise

provided in this rule, must set forth specific facts showing that there is a genuine issue for

trial."  Fed. R. Civ. P. 56(e).  With respect to this burden, "it is the responsibility of the

[nonmovant], not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the [movant's] summary judgment motion." <u>Malina v. Baltimore Gas & Elec. Co.</u>, 18 F. Supp. 2d 596, 604 (D. Md. 1998).

## B.  Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254.  Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim –
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," McClure has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  With respect to reviewing the state court's application of federal law, "'[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" <u>Humphries v. Ozmint</u>, 397 F.3d 206, 216 (4th Cir. 2005) (quoting <u>Williams v. Taylor</u>, 529 U.S. 362, 413 (2000)).  Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." <u>Humphries</u>, 397 F.3d at 216 (quoting <u>Williams</u>, 529

U.S. at 410). "Thus, to grant [McClure's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## C. Objections

McClure filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of McClure's objections, which were submitted by his attorney Bloom, are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report, or merely restate his claims. McClure states generally that the "Petitioner submits that the Magistrate Judge erred in each and every ruling upon Petitioner's individual claims. As to each, Petitioner submits that the state court made an unreasonable application of clearly established federal law and/or made an unreasonable determination of the facts, and that the Magistrate erred." (Objections 2.) McClure follows this general statement with three conclusory statements reasserting claims 1 through 3 and an assertion that "[r]egarding the remaining claims, Petitioner hereby incorporates herein the facts and legal arguments as set forth in the Petition for Habeas Corpus." (Id. 2-3.) Such general and conclusory statements do not constitute specific objections to the Magistrate Judge's Report

11

and Recommendation.  However, out of an abundance of caution, the court will review the

Magistrate Judge's conclusions with respect to the Respondent's motion for summary

judgment.

In addition, McClure specifically objects to the Magistrate Judge's denial of

McClure's motion to stay the case until resolution of McClure's second PCR claim currently

pending in state court.  (Objections 2.)

### D. Procedural Default and Motion to Stay

In his Report and Recommendation, the Magistrate Judge found that McClure failed

to present the portion of Claim 1 based on a violation of his due process rights and Claims 3

through 7 in his appeal of the denial of his PCR action.  Therefore, Magistrate Judge Carr

found that McClure is procedurally barred from presenting these issues in his § 2254

petition.  In addition, because the Magistrate Judge found that these claims were procedurally

barred and therefore exhausted, he denied McClure's motion to stay the case pending the

outcome of McClure's PCR application filed on October 19, 2006.

"Under the well-established doctrine of procedural default, a federal habeas court

may not review a claim that a state court has found to be clearly and expressly defaulted

under an independent and adequate state procedural rule. . . ." Weeks v. Angelone, 176

F.3d 249, 269 (4th Cir. 1999).  McClure raised the due process portion of Claim 1 and

Claims 3 through 6 in his first state PCR application.  Because McClure failed to appeal the

denial of these claims, these claims are procedurally defaulted.  See Whitley v. Bair, 802

F.2d 1487, 1500 (4th Cir. 1986) ("[F]ailure to appeal claims disposed of by a state habeas

trial court constitutes a procedural bar to further federal review of such claims.").  McClure

was required to raise Claim 7 in his first state PCR application.  See S.C. Code Ann. § 17-27-90.  He abandoned this claim during the October 16, 2002, hearing on his PCR action. Therefore, this claim is procedurally defaulted.  See Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

McClure contends that he has not exhausted his state court remedies with regard to the due process portion of Claim 1 and Claims 3 through 7, and asserts that his successive application for PCR which is currently pending "will allow Petitioner to exhaust his state remedies . . . ."  (Objections 2.)  Thus, McClure moves to stay the instant case pending resolution of his successive PCR application.  See Rhines v. Weber, 544 U.S. 269, 275 (2005) (holding that when presented with a habeas petition with both unexhausted and exhausted claims, a district court may stay proceedings to allow the petitioner to return to state court to exhaust his previously unexhausted claims).  However, this argument is without merit.

In his successive application for PCR, McClure seeks appellate review of the due process portion of Claim 1 and Claims 3 through 7 on the grounds that he

> was denied effective assistance of appellate counsel and the due process of law . . . in that appellate counsel failed to include five (5) issues in the petition for certiorari to the South Carolina Supreme Court, from the denial of post-conviction relief (PCR) arising from [McClure's] initial application, and amended application, for PCR.

(McClure's Resp. Opp'n Summ. J. Ex. A (2d PCR App. 3).)  The South Carolina Supreme Court has held that a petitioner may file a successive application for PCR if his original PCR counsel failed to file an appeal despite the petitioner's request to do so.  Austin v. State, 409 S.E.2d 395, 396 (S.C. 1991).  However, the court has also

limited the holding in <u>Austin</u> "to its particular factual situation," and held that "the contention that prior PCR counsel was ineffective is not *per se* a 'sufficient reason' allowing for a successive PCR application . . . ." <u>Aice v. South Carolina</u>, 409 S.E.2d 392, 394-95 (S.C. 1991).

McClure's case does not fall within the holding of <u>Austin</u>. McClure, "like Aice, clearly received a full bite at the apple, in that he timely filed an original PCR application, was represented by counsel, and sought review of the ruling with the Supreme Court of South Carolina." <u>Pettinato v. Eagleton</u>, 466 F. Supp. 2d 641, 651 (D.S.C. 2006). Therefore, the court finds that the due process portion of Claim 1 and Claims 3 through 7 are procedurally defaulted and consequently exhausted. <u>See</u> <u>Matthews</u>, 105 F.3d at 911 ("[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met . . . when a state procedural rule would bar consideration if the claim was later presented to the state court." (internal citations omitted)). Because all of McClure's claims are fully exhausted, <u>Rhines</u> is inapplicable to his case, and the court agrees with the Magistrate Judge's denial of McClure's motion to stay.

However, despite the court's finding that these claims are fully exhausted due to procedural default, McClure's procedural default may be excused if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). McClure has not met this burden.

14

McClure's only stated cause for the default is that Savitz, his counsel for the appeal of his original PCR application, was ineffective for failing to include all of his grounds for relief in his appeal.  "[C]ounsel's ineffectiveness will constitute cause only if it is an independent constitutional violation," and "there is no right to counsel in state collateral proceedings." Id. at 755.  Therefore, McClure's allegation that Savitz rendered ineffective assistance of counsel during his PCR appeal does not constitute cause to excuse McClure's procedural default of the due process portion of Claim 1 and Claims 3 through 7.  Based on the foregoing, Claim 1, to the extent it argues McClure's due process rights were violated, and Claims 3 through 7 are dismissed.

### E.  Ineffective Assistance of Counsel and the Solicitor's Reference to McClure's Lack of Remose

McClure's first ground for relief is that he "was denied due process in violation of the Fifth, Sixth, and Eighth Amendments, and alternatively the Sixth Amendment right to effective assistance of counsel, by the State's intentional misconduct at closing argument, and that trial counsel failed to object to such argument or misconduct."  (McClure's § 2254 Pet. 5.)  As noted above, only the ineffective assistance of counsel ground as it relates to Morgan's closing argument is available for review.  Further, McClure's claim relates only to the guilt phase of his trial.

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, McClure must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).

With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, McClure must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

McClure contends that his trial attorneys, Moore and Bedingfield, rendered ineffective assistance of counsel by failing to object to Morgan's references to McClure's lack of remorse in her closing arguments. (McClure's § 2254 Pet. 5-10.) In her closing arguments during the guilt phase, Morgan stated:

> And, you know, Ladies and Gentlemen, what upsets me the most is that this kid – these people are tryin' to say how sorry he was. He has been sorry.
> Well, you know, I was sittin' there and I thought, "Oh, my goodness, have I missed somethin'?" and I went back through and I thought, "Okay, if this is the kid that – just the way, you know, is he sorry?" I mean, I thought "Oh, my goodness, have I missed something?" So I went through, I went through. I said, "Wait, did he say" – went through.
> There was this kid that had (indicating), look what he did. Is there I'm sorry? Was there a tear? Was there I didn't mean to? Was there I'm so sorry.
> Was there in that voice, when you had that headphones on, where law enforcement, the law enforcement agents in this state of which I am so immanently proud because they did it by the book, didn't they? They brought him in; it's on tape; there ain't no writin'; there ain't no nothin'. It's the way you can hear it with your own ears and listen and understand what was said to them. They did it by the book.
> They did it by the book; they mirandized him; they made sure that everybody's rights were protected so that there was no question. "Tape recorder's here, son. Here's your rights, son. Initial on this one, son. Do this, do this." And they did it right.
> And there ain't never not one blink, one sorry, one tear, one any emotion of sorry that was ever said on that forty-plus-minutes of his explaining who and what and when and how "I killed two people."

(PCR App. 1315.)

In addressing this claim, the state PCR court properly applied the Strickland test to McClure's claim of ineffective assistance of counsel regarding Morgan's references to his lack

of remorse.  The state PCR court found that Moore improperly raised the issue of McClure's

remorse in his opening statements and in so doing "'opened the door' for a reasonable

comment and response by the prosecution" on the issue.  (Id. 2781-2782.)  Therefore, the court

found that McClure satisfied the first prong of the Strickland test.  However, the court found

that his claim failed because he could not establish prejudice as a result of Moore's error.  In

support of this finding, the court noted that "[s]ince Applicant's counsel essentially conceded

and did not contest his guilt, there is no reasonable probability the result would have been

different had counsel objected to the prosecution's comment."

      In the guilt phase of McClure's trial, McClure waived the presentation of any defense,

including testifying himself.  (Id. 1267-69.)  In addition, in Moore's opening arguments during

the guilt phase, he stated that "He's [McClure] very sorry about what's happened . . . ."  (Id.

1301.)  Moore stated that

> what I found back in the Spring of 1996 was a young boy eighteen years of age,
> very, very upset . . . David [McClure] at that time told me exactly what you
> heard today [in his recorded confession] . . . He told me what the situation was,
> and asked me at that time if he couldn't just go on and plead guilty and get it
> over with.  And we've tried to do that for two years.

(Id. 1300-01.)  Under these circumstances, the court finds that the state PCR court's holding

that McClure failed to establish prejudice as a result of his counsel's errors was a reasonable

application of clearly-established federal law.  Because McClure effectively conceded his guilt,

he fails to demonstrate a reasonable probability that his counsel's failure to object to the

solicitor's references to his lack of remorse affected the outcome of the proceeding.  Therefore,

this claim is without merit.

17

### F. Ineffective Assistance of Counsel and the Order of Final Arguments

McClure's second ground for relief is that he was

> denied the right to effective assistance of trial counsel, when trial counsel failed to object to the trial judge's instruction that only one (1) of the two (2) trial attorneys were entitled to the final closing argument, and that the Solicitor would be allowed to argue after one (1) of the trial attorneys had argued in closing to the jury.

(McClure's § 2254 Pet. 10.)  In support of his claim, McClure argues that "the Solicitor was allowed to improperly and advantageously rebut defense counsel's argument, since she was sequenced in-between both trial counsel's closing arguments."  (Id. 11.)

In his state PCR action, McClure argued "that the sequence was significant in this case because had defense counsel made both of their arguments *after* the Solicitor, then the Solicitor would not have had an 'invitation to respond' with a lack of remorse closing argument . . . ."  (PCR App. 2812.)  The state court found that "[a]pplicant's speculation is without merit under *Strickland*."  (Id.)

For the same reasons as set forth with respect to the preceding claim, the court finds that the state PCR court's holding was a reasonable application of clearly-established federal law.  Pursuant to Strickland, McClure fails to demonstrate prejudice as a result of the sequence of closing arguments.  Because McClure effectively conceded his guilt of the murders, McClure cannot demonstrate that the decisions made by his attorneys regarding the sequence of closing arguments affected the outcome of the proceeding.  (Id. 1267-69, 1300-01.)  Therefore, this claim is without merit.  Based on the foregoing, the court adopts Magistrate Judge Carr's Report and Recommendation and grants the Respondents' motion for summary judgment.

18

Therefore, it is

**ORDERED** that the Respondents' motion for summary judgment, docket no. 12, is granted. It is further

**ORDERED** that McClure's § 2254 petition is dismissed.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
June 5, 2007

**NOTICE OF RIGHT TO APPEAL**

The petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.